UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 108,<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>Defendant. | Case No. 8:21-CV-1976 |

## COMPLAINT – DECLARATORY RELIEF REQUESTED

Plaintiff Martin J. Walsh, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the September 5, 2020 election of union officers conducted by Local 108, International Brotherhood of Electrical Workers (Defendant) for the offices of President, Business Manager/Financial Secretary, and three Convention Delegates is void and directing the Defendant to conduct a new election, with new nominations, for these positions under Plaintiff's supervision.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in Tampa, Florida, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant has approximately 1,000 active members.

8. Defendant represents employees who work in a variety of industries throughout central Florida.

9. Defendant's LMRDA-covered offices include: President, Vice President, Treasurer, Recording Secretary, Business Manager/Financial Secretary, three Executive Board Members, and three Delegates to the International Convention.

10. The regularly scheduled election of officers for Local 108 was initially

scheduled to occur in June 2020.

11. In April 2020, Defendant mailed members notice of the election, explaining that due to the COVID-19 pandemic, the regularly rescheduled officer election would occur on Saturday, September 5, 2020.

12. Saturday, September 5, 2020 was Labor Day weekend.

13. The months of August and September are considered "storm season" in Florida.

14. During August and September 2020, members of Local 108 left the Tampa area on storm duty.

15. The election was a polling place election conducted at the Local 108 Union Hall from 7 a.m. to 7 p.m.

16. In August 2020, Defendant posted notice of the election and sent a second notice ("August Notice") of the election to its members at their last known home addresses.

17. The August Notice stated that absentee ballots were available to members upon request.

18. The August Notice provided that in order to request an absentee ballot, a member must submit a written request to Election Judge Sam Bump no later than 5 (five) days prior to the election.

19. The August Notice stated that all absentee ballot requests should be mailed to: Sam Bump, Election Judge, P.O. Box 1974, Oldsmar, Florida, 34677.

20. The August Notice did not state that a member must complete (or fill-out) the member's own absentee ballot request.

21. Defendant's Bylaws do not state that a member must complete (or fill-out) the member's own absentee ballot request.

22. Defendant's Bylaws do not state that a member must mail the member's absentee ballot request.

23. Defendant's Bylaws, Article III Section 4(c), state that a member "must make an application in writing to the Election Judge for an absentee ballot."

24. On August 14, 2020, Defendant rented a P.O. Box from the Oldsmar, Florida post office.

25. The P.O. Box rented to Defendant was P.O. Box 2665.

26. The number 1974 is hand-written on the USPS receipt for Defendant's P.O. Box rental.

27. At the time Bump rented a P.O. Box, the postal service provided Bump with a key that he used to open P.O. Box 1974.

28. Election Judge Bump checked P.O. Box 1974 daily from August 14 through August 30, 2020, to retrieve absentee ballot requests.

29. Bump never checked, or requested that the U.S. Post Office check, to see if mail was delivered to P.O. Box 2665 during the election period.

30. Until August 25, 2020, Bump consistently received absentee ballot requests in P.O. Box 1974.

31. Bump received an increasing number of absentee ballot requests on or around August 23.

32. On one day, Bump received approximately 30 individual absentee ballot requests.

33. From August 25 through August 30, 2020, Bump received no absentee ballot requests at P.O. Box 1974.

34. In total, Election Judge Bump received 94 absentee ballot requests.

35. Bump did not open every absentee ballot request received at P.O. Box 1974.

36. Bump opened 46 absentee ballot request envelopes.

37. When Bump did not open the absentee ballot request, he would examine the member's name on the outside of the absentee ballot request envelope, confirm that this member was eligible to vote, and then send an absentee ballot to the return address on the envelope.

38. In early September 2020, members began contacting Defendant to tell Election Judge Bump and other officers that their absentee ballot requests had been returned as undeliverable.

39. On September 3, 2020, Defendant's Executive Board met to discuss the issue of absentee ballot requests being returned to its members as undeliverable.

40. Defendant did not delay the election or otherwise take steps to correct the issue of absentee ballot requests being returned to members as undeliverable.

41. On September 4, 2020, Bump contacted the Oldsmar post office for information related to absentee ballots being returned as undeliverable.

42. On September 10, 2020, Oldsmar post office supervisor Erik Bradford emailed Bump, explaining that "The owner of that box [P.O. Box 1974], returned your mail to us (at the counter) stating that they did not know you. Your name is not listed on the PO Box application as receiving mail there. Perhaps it was sent to the wrong address and/or zip code?"

43. On September 19, 2020, Bradford emailed Bump stating that:

> A Post Office box rented to Sam Bumps (sic) (aka IBEW 108), was provided the wrong PO Box number. The issuing Postal clerk, in error, provided Mr. Bumps (sic) the address of PO Box 1974 in Oldsmar FL 34677; this was incorrect. Mr. Bumps (sic) used the address provided to him to receive mail, however, all mail addressed to Sam Bumps (sic) aka Ibew108, was returned to sender as Attempt not Known. The PO Box in question, was already rented to someone else. The owner of the box, returned the delivered mail at the postal counter and advised us that they did not know (correctly) who Mr. Bumps (sic) was. All mail after that, was returned to sender. It was several weeks before the error was realized and corrected. So to confirm, no mail addressed to PO Box 1974 for Sam Bumps (sic) was delivered nor received by Mr. Bumps (sic).

44. Defendant has no record of how many requests for absentee ballots were returned to members as undeliverable.

45. During the election period (August 14 – August 30, 2020), P.O. Box 1974 was rented to another customer, Kelby Media Group.

46. During the election period, Kelby Media Group accessed P.O. Box 1974.

47. During the election, member Troy Adkins voted a challenged ballot that was not counted in the election.

48. During the election, at least 13 members, including: Jerrod Adams, Chad Andrews, Matthew Briegel, Rhoby Brock, Michael Davis, Gerald Dugger, John Farkas, Robert Galloway, Daryl Keen, Jeffrey Kremer, Chad Mayo, Jose "Joey" Penichett, and Emanuel Rosario each requested absentee ballots, but had those requests returned as undeliverable.

49. None of these 13 above-listed members voted in the September 2020 election.

50. Internal protests of IBEW local officer elections are governed by the IBEW U.S. Local Union Election Guide ("Election Guide").

51. The Election Guide provides that any member may protest the results of a local officer election within 30 days of the election certification. Such protests must be directed to the appropriate International Vice President and a decision of the International Vice President is final.

52. On September 8, 2020, member Chris Parsels filed an election protest with Brian Thompson, International Vice President ("IVP") for the Fifth District.

53. Parsels was a member in good standing when he filed his September 8, 2020 protest with IVP Thompson.

54. By letter dated September 9, 2020, IVP Thompson responded to Parsels, acknowledging receipt of the protest.

55. By letter dated January 29, 2021, IVP Thompson denied Parsels' protest.

56. IVP Thompson sent this denial to Parsels using U.S. mail.

57. Parsels received IVP Thompson's denial by U.S. mail on February 4, 2021.

58. Having invoked and exhausted the internal remedies available, on March 1, 2021, Parsels timely filed an election complaint with Plaintiff, within one month of receipt of IVP Thompson's denial. *See* 29 U.S.C. § 482(a)(2).

59. By letter signed June 17, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to July 30, 2021.

## Count 1

## 29 U.S.C. § 481(c)

60. Section 401(c) of the LMRDA provides, in relevant part, that "adequate safeguards to insure a fair election shall be provided…." 29 U.S.C. § 481(c).

61. Defendant violated section 401(c) by using P.O. Box 1974 as the address for all absentee ballot requests, even though P.O. Box 1974 was rented to and accessed by Kelby Media Group throughout the election period. During the election period, absentee ballot requests were returned to members as undeliverable because those requests were addressed to P.O. Box 1974 and Defendant had not rented that P.O. Box. Further, prior to the election, Defendant became aware that there was a problem with the absentee ballot request process and chose to do nothing to correct or mitigate the problem.

62. This violation of section 401(c) impacted an undeterminable number of absentee ballot requests and may have affected the outcome of the election for the offices of President, Business Manager/Financial Secretary, and three Convention Delegates.

**Count 2**

**29 U.S.C. § 481(e)**

63. Section 401(e) of the LMRDA states that "every member in good standing … shall have the right to vote for … the candidate of [their] choice." 29 U.S.C. § 481(e).

64. Defendant denied members the right to vote when an undeterminable number of Local 108 members followed Defendant's process for requesting absentee ballots, but had those requests returned as undeliverable. Plaintiff was able to identify 13 members in good standing who were eligible to vote, made absentee ballot requests consistent with the election notice, and had those requests returned as undeliverable. Further, member Troy Adkins requested an absentee ballot, but because he did not receive his absentee ballot prior to the election, he attempted to vote at the polling place. Defendant did not open and count Adkins' challenged ballot.

65. These violations of section 401(e) may have impacted an undeterminable number of members, but certainly affected at least 14 members in good standing.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment:

(a) declaring Defendant's September 2020 officer election for the positions of: President, Business Manager/Financial Secretary, and three Convention Delegates void;

(b) directing Defendant to conduct a new election, including new nominations for the offices of President, Business Manager/Financial Secretary, and three Convention Delegates under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By:   /s/ Mamie V. Wise
MAMIE V. WISE
Assistant United States Attorney
Florida Bar No. 65570
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6200
E-mail: mamie.wise@usdoj.gov