UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN J. WALSH, Secretary of Labor,
UNITED STATES DEPARTMENT OF
LABOR,

    Plaintiff,

v.                                                                                    Case No. 8:21-cv-1976-TPB-JSS

LOCAL 108, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,

    Defendant.
_____/

### ORDER DENYING "DEFENDANT'S MOTION TO DISMISS"

This matter is before the Court on "Defendant's Motion to Dismiss," filed by counsel on October 1, 2021. (Doc. 15). On October 15, 2021, Plaintiff Martin J. Walsh, Secretary of Labor, filed a response in opposition to the motion. (Doc. 17). On October 25, 2021, Defendant Local 108, International Brotherhood of Electrical Workers filed a reply. (Doc. 22). After reviewing the motion, response, reply, court file, and the record, the Court finds as follows:

### Background

In this case, the Secretary of Labor has filed a complaint under Title IV of the Labor Management Reporting and Disclosure Act ("LMRDA") to challenge a recent officer election conducted by Defendant Local 108. Defendant is a labor organization that represents approximately 1,000 members in Central Florida. Due to the impact of the COVID-19 pandemic, Defendant rescheduled its election for

September 5, 2020. Defendant notified its members that they could vote by absentee ballot and advised its members that those who wanted an absentee ballot were required to submit a written request to Election Judge Sam Bump at least five days prior to the election; members were directed to mail these absentee requests to P.O. Box 1974, Oldsmar, Florida 34677.

In early September, days before the election, several members contacted Defendant to notify the Election Judge that their absentee ballot requests had been returned by the United States Postal Service ("USPS"). On September 4, 2020, Bump contacted USPS to inquire as to why absentee ballot requests were being returned. USPS responded – after the election – to explain that the postal clerk had erroneously assigned P.O. Box 1974 to the Election Judge when this box had also been rented to another customer, the Kelby Media Group. USPS informed Bump that the Kelby Media Group had returned an unspecified number of absentee ballot requests, which USPS subsequently returned to the senders.[1] At least thirteen members had their absentee ballot requests returned as undeliverable and did not vote in the election.

Based on these events, Plaintiff has alleged violations of 29 U.S.C. § 481(c) (requiring adequate safeguards to ensure a fair election) and 29 U.S.C. § 481(e) (guaranteeing that every member in good standing shall have the right to vote for candidate of his or her choice). Plaintiff seeks a judgment declaring the September 5, 2020, election void and directing Defendant to conduct a new election under

---

[1] USPS also told Bump, incorrectly, that "all mail" addressed to him at P.O. Box 1974 had been returned to senders, despite the fact that Bump had already retrieved 94 absentee ballot requests.

Plaintiff's supervision, with new nominations for the positions of President, Business Manager/Financial Secretary, and three convention delegates.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant argues that Plaintiff cannot state a plausible claim for relief because Title IV does not regulate the conduct of third parties or make unions liable for the mistakes of others over whom the union has no authority or control. Defendant contends that the complaint therefore improperly seeks to hold Defendant legally responsible for an error committed by USPS.

Title IV requires a local union conducting an election to provide adequate safeguards to ensure a fair election and guarantee its members' right to vote. 29 U.S.C. § 401(c), (e). Plaintiff asserts that Defendant violated these laws by, among other things, using a post office box that was rented and accessed by another entity throughout the election period. Even if the post office box mix-up was an error committed by USPS rather than Defendant, an error committed by a third party may still constitute a LMRDA violation. *See, e.g.*, *Dole v. Local 492, Bakery, Confectionery & Tobacco Workers Intl Union*, No. 89-2618, 1989 WL 126182, at *1, 4 (E.D. Pa. Oct. 23, 1989); *Marshall v. Local 2, Int'l Union of Police & Prot. Emp. Indep. Watchman's Ass'n*, No. 78 Civ. 3879-CSH, 1979 WL 1832, at *5 (S.D.N.Y. Jan. 5, 1979); *Wirtz v. Am. Guild of Variety Artists*, 267 F. Supp. 527, 541 (S.D.N.Y. 1967).

The Court acknowledges that these cases do not squarely address errors committed by a third party that happens to be a governmental entity. But even if the Court were inclined to conclude that Defendant could not be held responsible for the post office box mix-up, the complaint encompasses more than just this alleged error. Plaintiff alleges that Defendant became aware of problems with the absentee

ballot request process prior to the election but did not correct or mitigate the problems.² This allegation concerns the conduct of Defendant, not USPS, and it implicates the adequate safeguard provision. *See, e.g.*, *Acosta v. Local 41, Int'l Bhd. of Teamsters*, No. 4:18-cv-381-HFS, 2020 WL 11563944, at *3 (W.D. Mo. Feb. 10, 2020); *Perez v. Amalgamated Transit Union Local 1700*, 174 F. Supp. 3d 395, 396, 404 (D.D.C. 2016); *Chao v. Local 54, Hotel Emps. & Rest. Emps. Int'l Union*, 166 F. Supp. 2d 109, 113 (D.N.J. 2001).

In addition, Defendant argues that Plaintiff cannot allege a § 401(e) violation because Plaintiff cannot establish that union members had a statutory right to cast votes by absentee ballot or that any members were prevented from voting. Yet, even if there is no statutory right to vote by absentee ballot, Plaintiff alleges that Defendant provided notice to its members that absentee ballots were available upon request and that the union bylaws also provide the right to vote by absentee ballot. Plaintiff also alleges that an indeterminable number of members were unable to vote in the election.³ These allegations, taken as a whole, are sufficient to state a claim.

---

² Specifically, the Election Judge had received numerous absentee ballot requests each day before the requests suddenly stopped, and several members reached out to the Election Judge regarding their absentee ballot request being returned to them as undeliverable prior to the election.

³ Plaintiff asserts that an unknown number of members may have requested absentee ballots that were returned as undeliverable. In the complaint, Plaintiff specifically identifies thirteen members who had their absentee ballot requests returned as undeliverable and did not vote in the election. One additional member requested but did not receive an absentee ballot, and when that individual tried to vote in-person, he was required to vote a challenged ballot that was not counted.

Ultimately, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently pled that Defendant violated §§ 401(c) and (e) of the LMRDA, and these violations may have impacted the outcome of the challenged election. The motion to dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss" (Doc. 15) is **DENIED**.

(2) Defendant is directed to file an answer on or before December 3, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**