IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN J. WALSH, Secretary,                )
United States Department of Labor,          )
                                            )
Plaintiff,                                  )    Case No. 8:21-cv-1976-TPB-JSS
                                            )
v.                                          )
                                            )
LOCAL 108, INTERNATIONAL                    )
BROTHERHOOD OF ELECTRICAL                   )
WORKERS,                                    )
                                            )
Defendant.                                  )

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Marty Walsh, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"), having filed his complaint and Defendant, International Brotherhood of Electrical Workers, Local 108 ("Defendant" or the "Local Union"), having appeared by counsel and having responded to the complaint, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1.    Plaintiff brought this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act" or "LMRDA"), 29 U.S.C. §§ 481-83, requesting a judgment declaring that the Local Union's election for the offices of President, Business Manager/Financial Secretary, and three Convention Delegates is void and directing the Defendant to conduct a new election,

with new nominations, for these positions under Plaintiff's supervision.

2.    Plaintiff alleged that violations of Title IV of the Act had occurred and had not been remedied at the time of the institution of this action. The Local Union denies the violations alleged.

3.    Plaintiff and the Local Union agree to entry of an order directing that a new election of the above-mentioned officers of the Local Union, including nominations, be conducted under the supervision of the Secretary, to be concluded on or before March 5, 2022. It is further stipulated that:

4.    The supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-483, and, insofar as lawful and practicable, in accordance with the Local Union's Constitution and Bylaws, and the decisions of the Secretary with regard thereto shall be final, subject to review by the Court; and

5.    The order is in settlement of the instant litigation and is not intended and should not be construed as an admission by the Local Union that the Local Union or any of its officers or employees or agents violated Title IV of the LMRDA.

6.    The Court shall retain jurisdiction of this action, and after completion of the supervised election, Plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the

provisions of the Defendant's Constitution and Bylaws.

Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification, and further, that each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Date: 12-4-21

**FOR THE PLAINTIFF:**

KARIN HOPPMANN
Acting United States Attorney

_____
LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No. 714623
Office of the United States Attorney
For the Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, FL 33602
Tele. (813) 274-6000
Randy.Harwell@usdoj.gov

Date:

**FOR THE DEFENDANT:**

_____
ROBERT D. KURNICK
Sherman Dunn, P.C.
900 Seventh Street, NW, Ste. 1000
Washington, D.C. 20001

**APPROVED AND SO ORDERED.**

Dated: 12/21/2021

_____
**United States District Judge**